# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALLI SAFI, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 19-0588-WS-M |
| | ) |
| U.S. CUSTOMS & BORDER PROTECTION, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion to dismiss. (Doc. 10). The plaintiffs have filed a response, (Doc. 12), the defendant has filed both a reply, (Doc 14), and exhibits, (Docs. 9, 13), and the motion is ripe for resolution.

## BACKGROUND

According to the complaint, (Doc. 1), the defendant unlawfully seized approximately $19,000 from the plaintiffs and converted this property. The defendant argues the Court lacks subject matter jurisdiction, that it is possessed of sovereign immunity, and that the complaint fails to state a claim on which relief can be granted.

## DISCUSSION

A challenge to subject matter jurisdiction under Rule 12(b)(1) can be either facial or factual. When, as here, a defendant mounts a factual challenge, "matters outside the pleadings, such as testimony and affidavits are considered." *McElmurray v. Consolidated Government*, 501 F.3d 1244, 1251 (11th Cir. 2007) (internal quotes omitted). "Since such a motion implicates the fundamental question of a trial court's jurisdiction, a trial court is free to weigh the evidence

and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations." *Makro Capital of America, Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (internal quotes omitted). "In essence, the district court conducts a bench trial on the facts that give rise to its subject matter jurisdiction," and its determination of those facts controls on appeal unless "clearly erroneous." *Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1238 (11th Cir. 2002).

The defendant's evidence is clear and uncontroverted by the plaintiffs – who neither offer evidence of their own, request any opportunity to conduct jurisdictional discovery, nor meaningfully address the defendant's motion.[1] Promptly upon seizure, the defendant notified the plaintiffs of their right to pursue either administrative processing (by filing a petition with the defendant for remission of forfeiture) or judicial action (by requesting referral to the United States Attorney for filing a forfeiture action). They were also notified that, at any time during the administrative process or within 60 days of an adverse administrative decision, they could file a claim to the property pursuant to 18 U.S.C. § 983(a)(2) requesting referral to the United States Attorney for his initiation of judicial forfeiture proceedings pursuant to Section 983(a)(3). (Doc. 9-1 at 4-5, 12-13). Counsel, who had already identified himself to the defendant as attorney for both plaintiffs, (*id*. at 2), responded to the notice by "giv[ing] notice of their petition for remission of forfeiture," (*id*. at 19), thereby selecting the administrative option.

The defendant eventually denied the petition and, after counsel submitted documentation, denied what it deemed to be a supplemental petition, notice of which decision was received by counsel. (Doc. 9-1 at 21, 26-27). Neither the plaintiffs nor their counsel sought judicial review of this administrative decision by filing a claim to the property and requesting referral to the United States

---

[1] The plaintiffs merely assert the property was wrongfully seized and quote without attribution a third party's assessment of the evils of civil asset forfeiture.

Attorney, as they had been advised to do should they desire a judicial forum; instead, they filed the instant action.

The defendant identified the property as subject to forfeiture in that it represented proceeds from the importation, trafficking and sale of controlled substances in violation of 21 U.S.C. §§ 841 and 846. (Doc. 9-1 at 3, 11). Such property is subject to forfeiture, 21 U.S.C. § 881(a)(6), and the rules governing civil forfeiture proceedings as set forth in 18 U.S.C. § 983 apply to such forfeitures. *United States v. Simon*, 609 Fed. Appx. 1002, 1005-06 (11th Cir. 2015).

Section 983 provides that a person entitled to written notice "in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside" the declaration of forfeiture. 18 U.S.C. § 983(e)(1). "A motion filed under this subsection shall be the *exclusive* remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." *Id*. § 983(e)(5) (emphasis added). The plaintiffs have not filed a motion under Section 983(e)(1) and therefore have not invoked their only potential remedy for the allegedly improper nonjudicial forfeiture of the property.

Even had the complaint invoked Section 983(e)(1), it would fail to state a claim on which relief can be granted. By its terms, the only grounds for relief under that provision are the defendant's failure to comply with certain procedural requirements governing administrative forfeiture, and the complaint asserts no such deficiency. Instead, the complaint alleges only that forfeiture was substantively improper, in that the property was not related to drug activity but was lawfully obtained and used.

The complaint thus challenges only the merits of the agency decision to forfeit the property. "This court lacks jurisdiction to review the merits of administrative or nonjudicial forfeiture decisions …." *Valderrama v. United States*, 417 F.3d 1189, 1194 (11th Cir. 2005); *accord id*. at 1196. The missing

jurisdiction is "subject matter jurisdiction." *Id*. at 1195. The Court thus lacks subject matter jurisdiction over this action.[2]

As with the unlawful seizure claim, so also the conversion claim. The latter claim explicitly depends on the premise that the administrative forfeiture of the property was wrong on the merits, and the Court therefore lacks subject matter jurisdiction to consider it. Even could the complaint be read to invoke Section 983(e)(1), it would fail to state a claim on which relief can be granted, since that provision addresses only procedural, not substantive, objections to forfeiture.

**CONCLUSION**

For the reasons set forth above, the defendant's motion to dismiss is **granted**. This action is **dismissed**.

DONE and ORDERED this 29th day of January, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] In two narrow situations, a court may exercise jurisdiction despite the general rule. *United States v. Simon*, 609 Fed. Appx. 1002, 1005 & n.5 (11th Cir. 2015). The plaintiffs invoke neither exception, and it is clear they are not implicated here.